**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

CHARLES A. WINSTON                                                                                                    PLAINTIFF
ADC #84733

V.                                            NO: 2:12CV00238 JLH/HDY

DEXTER PAYNE *et al.*                                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Charles A. Winston, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC") filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on December 5, 2012. On November 22, 2013, Defendants Dexter Payne, Valerie Westbrook, Wallace McNary, and Curtis Meinzer, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #26-#28). Plaintiff filed a response and statement of facts on January 28, 2014 (docket entries #35 & #36). Defendants filed a reply on February 5, 2014 (docket entry #38). Plaintiff filed an amended response on February 7, 2014 (docket entry #39), and Defendants moved to strike that response on February 10, 2014 (docket entry #40).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, Defendants transferred him from the East Arkansas Regional Unit ("EARU") to the Varner Unit in retaliation for his grievance writing. Plaintiff contends the conditions at the Varner Unit are not as favorable as those at the EARU. The undisputed facts are that Plaintiff was found guilty of falsely accusing another inmate of assaulting him. The charge was written by Charles Stewart, a guard against whom Plaintiff could recall filing no grievances (docket entry #25-5, page #3). After his disciplinary conviction, Plaintiff was given 30 days in punitive isolation. On February 13, 2012, three days before Plaintiff's punitive term was to end, the classification committee determined that he should be released to administrative segregation upon the completion of his term. The rationale for the decision was to prevent potential conflict between Plaintiff and the other inmate, although Plaintiff asserts there was no risk of problems. On February 14, 2012, Plaintiff was charged with soliciting funds from the relatives of another inmate. Plaintiff was found guilty after a hearing on February 22, 2012, and was sentenced to 30 days of punitive isolation and reduced in class.

On March 20, 2012, ADC Director Larry May instructed Payne to transfer Plaintiff to the Varner Super Max Unit. Payne signed off on the transfer, but no other ADC employees were involved in the decision. Plaintiff contends Defendants' assertions regarding May's involvement is part of a cover-up.

In raising a retaliatory transfer claim, Plaintiff "face[s] a substantial burden in attempting to prove that the actual motivating factor for his transfer was the impermissible retaliation." *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993) (quotations omitted). Even at summary judgment, "the burden is on the prisoner to prove that but for an unconstitutional, retaliatory motive the transfer would have not occurred." *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (quoting *Goff*, 7 F.3d at 738)). Here, Plaintiff cannot meet his substantial burden to prove the motivating factor for his transfer was unconstitutional retaliation. The entire incident started with a disciplinary charge written by a guard against whom Plaintiff had written no grievances. Separating Plaintiff from the inmate Plaintiff accused of assault is a reasonable safety precaution, and transferring Plaintiff to another unit in an effort to ensure safety cannot, under the circumstances, demonstrate unconstitutional retaliation, regardless of who ordered the transfer. There is no genuine issue of material fact in that Plaintiff cannot prove that he would not have been transferred but for any retaliatory motive. Accordingly, Defendants are entitled to summary judgment.

In light of this recommendation, Defendants' motion to strike (docket entry #40) is moot. Additionally, the Court should decline to exercise jurisdiction over Defendants' state law counterclaim, and dismiss that claim without prejudice. *See Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #26) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. Defendants' motion to strike (docket entry #40) be DENIED AS MOOT.

3. Defendants' counterclaim be DISMISSED WITHOUT PREJUDICE.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   25   day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE